Oaruthers, J.,
delivered the opinion of the Court.
The relator is the father, and the defendant Louisa, the mother of three minor children, named Martin B., Guy, and Richard H. Malone. The other defendant is the father of said Louisa. The mother and her *415 children were at the house of her father. A bill was filed in the proper Court in Mississippi by the defendant, where both resided, for a divorce from the relator, and under an interlocutory order, the relator was “ enjoined from disturbing the complainant in her possession of the children.” This was on the 20th July, 1855, and immediately the mother came to the house of her father in this State with her children. On the 23d August, 1855, this petition was presented to the Honorable John C. Humphreys, a Circuit Judge of this State, for a writ of habeas corpus, to have the children brought before him, and delivered to the relator.
The writ was made returnable on the fourth Monday of the next October, and was heard in open Court on the 24th day of that month, when the petition was dismissed and the defendants discharged.— From this action of the Judge an appeal was taken to this Court, and the first question to be now considered, is, will the appeal lie, or is the judgment final?
We had the same question before us at this place a few terms ago, in an unreported case, and it was decided in the negative. That was the case of a fugitive from justice from Mississippi, demanded by the Executive of that State, and ai-rested upon the war-, rant or requisition of the Governor of this State. The writ was obtained to be relieved from that arrest or confinement, which he alleged was illegal upon the ground that the offence with which he was charged in Mississippi, was only a misdemeanor, and not a “ crime,” and therefore the provision of the constitution on that subject, did not cover the case. That *416 case was heard in open Court by the Circuit Judge, at Memphis, and the writ was dismissed, and the relator continued in custody.
Upon full consideration we held in that case, that the judgment was final, and could not be revised by this Court either by appeal or writ of error. A reconsideration of the question has not inclined us to change the opinion then formed.
The object of this great constitutional writ is to obtain immediate relief from illegal confinement, and it is issued on the petition of a person held in custody, or any one in his behalf, by some judge, in the name of the sovereign power, to enquire into the cause of confinement, and if not legal, to relieve therefrom. The delay incident to appeals and writs of error, by either party, would defeat the very object of the process, which is, speedy and summary relief from imprisonment. If the party on whose application the writ issues, can appeal, as in this case, the party holding in custody must have the same right; So the consequence of the right of appeal would be that the unlawful confinement must continue until the action of the appellate Court could be had, which might be one or more years. This would defeat the great object of this invaluable process and highly appreciated remedy, which is, to set the prisoner free without delay, when he is unlawfully deprived of his liberty. To answer the end for which it was designed, the protection of the personal liberty of the people, it must have life, vigor and efficacy imparted to it in practice. If■ it be subjected to the “laws delay,” it will no longer be the boast of freemen.
*417 Again: According to our practice, this writ is issued by the Judge, and not the Clerk of his Court; it is made returnable before himself and not the Court, at •such time as he may designate, without regard to the time of the setting of his Court. So, he may act upon and dispose of the case as well out of Court as in it. It is not the action of a Court, but a Judge. No one, perhaps, would contend that an appeal or writ of error would lie from the judgments and orders of a judge in vacation, in the absence of any statutory provision for it. The jurisdiction of this court is confined to cases of appeal, or writs of error, and they can only bring cases from Courts of Record. It would not, perhaps, be contended that the accident of .acting upon these cases on some day of the term of a Circuit Court, and in open Court, can affect the question now under consideration, and that, in the one case there could be an appeal and not in the other.
No authority on this subject has been referred to, nor are we aware that any exists, except our own case before cited; but, for the reasons already given, and other considerations that might be urged, we are 'brought satisfactorily to the conclusion that the judgment of the Circuit Judge upon a writ of habeas corpus, cannot be revised in this Court.
The appeal will therefore be dismissed.