STATE OF TENNESSEE ex rel. JOHNNIE WADE DICKENS and
ROY LEE POLLOCK, Plaintiffs in Error,

*v.*

LYNN BOMAR, Warden, Tennessee State Penitentiary,
Defendant in Error.

381 S.W.2d 287.

(*Nashville*, December Term, 1963.)

Opinion filed July 15, 1964.

494

Robert L. Dozier, Nashville, for plaintiffs in error.

George F. McCanless, Attorney General, and Edgar P. Calhoun, Assistant Attorney General, for defendant in error.

Mr. Justice White delivered the opinion of the Court.

The plaintiffs in error filed their petition for the writ of habeas corpus against the defendant Bomar, as the Warden of the State Penitentiary. He filed an answer and, of course, the petition and answer appear in the technical record now before us.

After the hearing the trial judge held that the complaints of the petitioners were without merit and dismissed the petition.

From the record it appears that the petitioners were convicted of the crime of armed robbery in the Circuit Court of Hickman County, Tennessee, on March 14, 1963

and sentenced to serve twenty years each in the State Penitentiary.

They claim in their petition that certain of their constitutional rights were violated in matters occurring before their trial and at their trial. The first being that the officers conducted an illegal search while investigating these cases. They next contend they were prejudiced by the failure of the State to call as a witness Harold Tidwell, the victim of the robbery in this case, thus, according to their contention, leaving the impression with the jury that the victim was seriously injured. It is said in the record that he was shot and the bullet either lodged in his spine or passed through his spine, paralyzing him.

There are in the record, as exhibits to the answer, copies of the indictments, all minute entries of the Circuit Court pertaining to the trial and convictions of the petitioners, a letter from Douglas T. Bates, Esquire, retained counsel of Dickens for his trial, a letter from Emery B. Gill, Esquire, who was appointed by the court as counsel for Pollock for the trial in Hickman County, and a letter from the judge who presided at the trial resulting in these convictions.

Upon the hearing of the petition below, the court said in its order of dismissal:

"* * * it is a specific finding of fact by the Court that, according to the testimony of each of the petitioners in this cause, that the petitioners are also serving additional sentences of 20 years each as the result of convictions and judgments on the 24th day of July, 1963, in the Circuit Court of Dickson County, Tennessee, for other and different crimes of armed robbery, said

sentences running concurrently with those of the Circuit Court of Hickman County of which petitioners complain in their petition."

The lower court appointed John I. Harris, Jr., Esquire, of Nashville to represent petitioners in that court. After the hearing he was released from further responsibility and upon application of the petitioner, this Court appointed Robert L. Dozier, Esquire, of the Nashville Bar, to represent the petitioners here.

Mr. Dozier appeared at the Bar of this Court, presented an able argument and filed an exhaustive brief of the law in aid of these appeals.

He cites in his brief that the Constitution of the State of Tennessee, Article 1, Section 9 provides that an accused in a criminal prosecution has the right "to meet the witnesses face to face".

T.C.A. sec. 40-2405 provides:

"* * * the accused, in all criminal prosecutions, has a right to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor."

We agree that this provision of the Constitution and the Statute aforesaid are in force and effect in this State, but this does not mean that the State, in a criminal prosecution, is required to call every witness who has any knowledge of the facts.

In the case of *Eason v. State,* 65 Tenn. 431, at page 436, the Court said:

"We can see no reason why a court should compel the State to make out its case by the introduction of any

particular witness, nor require that all the witnesses present at a supposed criminal transaction should be put upon the witness stand. If it be important to the proper defense of the defendant, he can always have the witness in his favor, * * *. The real object of investigations in court is to ascertain the truth of the case, in order that the judgment of the law may be had on the facts. It can make but little difference to the attainment of this and whether the witness be called by the State or the defendant. If the State shall fail to introduce a material witness who has knowledge of the facts, the defendant, as we have said, may always introduce him, and thus get the facts known by him before the jury, * * *."

However, the foregoing question about the right of an accused to have the witnesses appear before him face to face is not determinative of the decision of the Court in this case for reasons that will be made to appear.

It will be recalled that these petitioners are serving sentences of twenty years each resulting from the conviction in Hickman County, Tennessee, on March 14, 1963. It also appears from the finding of the trial court, as set out above, the petitioners are serving additional sentences of twenty years each as a result of convictions and judgments on the 24th day of July, 1963, in the Circuit Court of Dickson County, Tennessee for other and different crimes of armed robbery. All of these sentences are running concurrently.

It is obvious, therefore, that the writ of habeas corpus is not available to them at this time because if released from the confinement on the petition filed herein, they would still remain confined in the State Penitentiary for

a period of twenty years on the conviction from Dickson County. They have no standing to say that they are being illegally restrained for the reasons indicated.

In the case of *State, ex rel. Grandstaff v. Gore,* 182 Tenn. 94, 184 S.W.2d 366 (1945), the defendant was convicted in Shelby County of housebreaking and larceny. In addition to finding him guilty of this offense, they also found that he was an habitual criminal. He filed his petition for the writ of habeas corpus seeking to secure his release from the sentence as an habitual criminal and complained therein that he had been denied certain constitutional rights.

The Court said that it could hardly be questioned that Grandstaff was legally subject to imprisonment for the term fixed by the statute for housebreaking and larceny of which it is undisputed that he was legally convicted and which term has not expired, and no presumption obtains that one with such a criminal record would be granted parole. The action of the trial court in dismissing his petition as premature was affirmed.

■ The Court said the writ of habeas corpus may not be made to perform the office of a writ of error. It is available only when the judgment assailed is void, or when the term of imprisonment has expired. *State, ex rel. Karr v. Taxing District,* 84 Tenn. 240 (1886) ; *Lynch, et al. v. State, ex rel. Killebrew,* 179 Tenn. 339, 166 S.W.2d 397 (1942).

In *Adams v. Russell,* 179 Tenn. 428, 167 S.W.2d 5 (1942), it was held that the application for the writ in that case was premature.

Since there is no dispute about the validity of the conviction in Dickson County, which is to run for a period of twenty years, we assume that the petitioners are being legally and lawfully restrained in the Dickson County case. Until such time as they are released from confinement, as therein ordered, the writ of habeas corpus is not available to them to test the validity of their restraint in the case at bar. It would avail them nothing to have the writ sustained in this case.

■ The object of a writ of habeas corpus is to obtain immediate relief from illegal restraint or confinement and, of course, it is not to be employed as a substitute for an appeal as the courts have held many, many times. See *State v. Malone,* 35 Tenn. 413 (1856) and *State v. Galloway,* 45 Tenn. 326 (1868), many other cases.

The attorney appointed by this Court to represent the petitioners herein has done so in a most commendable manner and has exhausted the law in support of this appeal by Dickens and Pollock

However, for the reasons indicated, the action of the trial court is affirmed.

BURNETT, CHIEF JUSTICE, and FELTS, DYER and HOLMES, JUSTICES, concur.