**Garvin Tristina SHEPHERD,**
**Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Oct. 15, 1975.

Certiorari Denied by Supreme Court
Dec. 5, 1975.

Collier Goodlett, Jr., Clarksville, Larry D. Woods, Nashville, for plaintiff-in-error.

John J. Hestle, Dist. Atty. Gen., Clarksville, R. A. Ashley, Jr., Atty. Gen., Wm. C. Koch, Jr., Asst. Atty. Gen., Nashville, for defendant-in-error.

## OPINION

GALBREATH, Judge.

We are confronted in this appeal from the dismissal of action seeking post conviction relief with a voluminous brief setting out in essence that counsel appointed to represent the petitioner at trial and during the post conviction litigation were incompetent.

■ Most of the matters complained of were considered and ruled upon on the direct appeal to this Court in which the judgment was affirmed. They cannot now be relitigated. *Arthur v. State,* 483 S.W.2d 95 (Tenn.1972), and *Shepherd v. State,* Nashville, March, 1973 (Certiorari denied September 4, 1972). Another alleged ground for relief relating to the composition of the Grand Jury of Montgomery County during the period involved has been decided recently in *Elliott v. State,* Nashville, September, 1975, adversely to petitioner's contention.

We sustain the trial judge who found following the evidentiary hearing that the petitioner had not sustained the allegations set out in the petition with the following observation.

Great stress is placed on the failure of petitioner's counsel to develop two factual matters at either the trial or on the evidentiary hearing in this case. It is claimed that the failure to subpoena the petitioner's brother-in-law to be a witness in his behalf, and the failure to introduce a liquor bottle as an exhibit, proves that the counsel involved did not adequately present the defense to the charge of rape based on consensual intercourse.

The defendant had claimed that the prosecutrix voluntarily accompanied him and his brother-in-law, the missing witness, John Davis, to Hopkinsville, Kentucky after getting in the car in which the two men were riding near Fort Campbell, Kentucky. The defendant testified they purchased a bottle of whiskey en route to Hopkinsville, and engaged in intercourse in his apartment after dropping off Davis. This state of facts was diametrically opposed. by the victim's testimony, who denied that a third party was present, or that the defendant drove to Hopkinsville. She testified that the defendant did purchase a bottle of whiskey somewhere in the Clarksville area prior to her forcible rape and a subsequent accident in which the defendant wrecked the automobile.

■ Just what significance the whiskey bottle if examined by defense counsel and found to have been purchased in the State of Kentucky by virtue of that Commonwealth's revenue stamps being affixed to it, would have had on the credibility of either the defendant's testimony or that of the prosecuting witness, escapes us. The defendant said the whiskey was purchased on the way to Hopkinsville, while the victim said it was purchased in Clarksville area. We take judicial notice that much of the journey from Montgomery County, Tennessee, to Hopkinsville, Kentucky, is in the area near Clarksville. Thus, the bottle

could have been obtained from a liquor store in Kentucky *and* in the suburbs of Clarksville. The only real value of the bottle as an exhibit would be a negative one to the defense in the event it bore Tennessee revenue stamps. The attorney for the defendant could hardly be deemed incompetent because he did not insist on the production of evidence that could not have helped the defense, but might have been quite detrimental.

■ It has already been judicially determined that defense counsel had been assured by the defendant and his wife, that John Davis would voluntarily be in attendance as a witness. While perhaps it would have been the better course to have routinely issued a subpoena for this most vital witness, we cannot say that an attorney is incompetent because he relies on the defendant and his wife to persuade the witness to attend court. A voluntary witness is usually of much more assistance to a party than one who is compelled, perhaps unwillingly, to come forward. As Judge Mitchell noted in disposing of the related issue on direct appeal:

"Both the defendant and his wife testified that her brother knew the defendant was going to trial on this serious charge and he had assured the defendant he would be there but the defendant had not had a subpoena served on the witness.

\* \* \* \* \* \*

We do not think the defendant should be allowed to put the trial court in error on this assignment until he has shown he did all he could do to compel the attendance of the witness by placing him under subpoena, instead of relying on the witness' statement that he would be there. *Taylor v. State,* 79 Tenn. (11 Lea.) 708 (1883). *Shepherd v. State, supra*

■ In retrospect, and after careful review and consideration of the manner in which appointed counsel conducted the defense and presentation of the evidence on the post conviction hearing, we find that the representation afforded Shepherd was within the range of competency discussed by our Supreme Court recently in *Baxter v. State* emphasizing that like standards are to be applied regardless of whether counsel is retained or appointed.

"We depart from the farce and mockery standard. All cases adhering to this standard are overruled, *pro tanto.* We believe a better standard, expressed in the generalities of *McMann, supra,* is simply whether the advice given, or the services rendered by the attorney, are within the range of competence demanded of attorneys in criminal cases. We would measure that range of competence by the duties and criteria as set forth in *DeCoster, supra,* and by our own Sixth Circuit case of *Beasley, supra.* We do not consider it to be either necessary or proper, that we establish any precise nomenclature or that we lay down any specific standards of guidelines. We are content to leave the matter resting on a foundation of reasonable competence as tested by the authorities as herein set out. Trial courts and defense counsel should look to and be guided by the American Bar Association's Standards relating to the Administration of Criminal Justices in general, and specifically to those portions of the Standards which relate to the Defense Function."

We are somewhat puzzled as to why an affidavit was not at some point obtained from the alleged witness Davis. *If* he was present in the automobile during the alleged friendly social episode described by the defendant, and *if* he did accompany the defendant and the prosecutrix to Hopkinsville, this would cast serious doubts on her entire accusation and testimony. It would appear from colloquy between present appointed counsel and the bench during oral argument, that even to that time the missing witness had not been contacted and a definitive statement obtained from him as to just what, if anything, he knows about the facts leading up to the admitted sexual

**338**

intercourse between the defendant and the alleged victim.

■ However, even if Davis had been contacted after the judgement in this case had become final and corroborated in most credible fashion the defendant's testimony that the prosecutrix had voluntarily accompanied them to Hopkinsville and conducted herself in such a manner that would have strongly indicated she was sexually attracted to the defendant, this would not resolve the issue before us, i. e., competency of counsel. Even if this witness could so strongly support the defendant's version of the facts that strong doubt as to his guilt would be engendered, even if the prosecutrix came forward and admitted that the defendant did not rape her, this would afford no basis for relief under our Post Conviction Procedure Act or habeas corpus. Guilt or innocence is not a proper inquiry in a post conviction proceeding. We do not weigh the sufficiency of the evidence in such cases, but are by law bound to determine only if the constitutional rights of the petitioner were abridged in such manner as to render the judgment void.

"(H)abeas corpus and post-conviction proceedings are not available to test the sufficiency of the evidence at the original trial, nor to inquire into or determine the question of guilt or innocence, nor to test the competency or incompetency of original trial witnesses. 39 C.J.S. Habeas Corpus § 29j, p. 518; *State ex rel. Brown v.*

*Newell,* 216 Tenn. 284, 391 S.W.2d 667; *State ex rel. Dickens v. Bomar,* 214 Tenn. 493, 381 S.W.2d 287; *Fernandez v. Klinger,* 346 F.2d 210 (9 Cir. 1965), cert. den. 382 U.S. 895, 86 S.Ct. 191, 15 L.Ed.2d 152." *Shiflet v. Tollett,* 448 S.W.2d 681 (Tenn.Cr.App.)

■ Of course, if by diligent efforts counsel for a petitioner obtains evidence strongly suggesting the innocence of a client in whose cause he strongly believes, so as to convince himself that an unjust conviction resulted from perjured testimony, it is entirely appropriate for him to petition the Executive department for the only available relief under such circumstances. Article 3, Section 6 of our Constitution reserves to the Governor the power to grant clemency in cases in which it appears that an innocent person has been convicted of crime in a procedure that satisfies constitutional due process.

The judgement is affirmed.

O'BRIEN, J., concurs.

RUSSELL, J., concurs in result.