IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST 1998 SESSION

FILED

September 29, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| CARL EUGENE JORDAN, | ) | |
| | ) | C.C.A. NO. 01C01-9711-CR-00528 |
| Appellant, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. SETH NORMAN, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction & Petition for Habeas Corpus Relief) |

FOR THE APPELLANT:

FOR THE APPELLEE:

CARL EUGENE JORDAN, Pro Se
    (On Appeal)

JOHN KNOX WALKUP
Attorney General & Reporter

DEANNA BELL-JOHNSON
211 Third Ave., North
Nashville, TN 37201
    (At Hearing)

LISA A. NAYLOR
Asst. Attorney General
425 Fifth Ave., North
Nashville, TN 37243

VICTOR S. JOHNSON, III
District Attorney General

STEVE DOZIER
Asst. District Attorney General
Washington Square Bldg., Suite 500
222 Second Ave., North
Nashville, TN 37201-1649

OPINION FILED:_____

AFFIRMED

JOHN H. PEAY,
Judge

## O P I N I O N

On January 23, 1981, the petitioner pled guilty to aggravated rape, armed robbery, and second-degree murder. He was then sentenced to three concurrent forty year sentences. On May 2, 1986, this Court granted the petitioner post-conviction relief and vacated the guilty plea on a finding that the trial court had failed to fully comply with required procedure in a determination of whether the guilty plea was made knowingly and voluntarily. State v. Jordan, No. 85-265-111(Tenn. Crim. App. at Nashville, May 2, 1986).

On September 23, 1986, the petitioner again pled guilty to aggravated rape, armed robbery, and second-degree murder and was sentenced to three concurrent thirty-five year sentences pursuant to a plea bargain agreement. On May 5, 1996, the petitioner filed a second post-conviction petition alleging ineffective assistance of counsel and ex post facto application of a sentencing law. The petition further alleged that the petitioner's plea to second-degree murder was not knowing and his plea to aggravated rape was involuntary and unknowing. The petitioner amended this petition on December 11, 1996, alleging ineffective assistance of counsel on the grounds that petitioner's counsel failed to inform him that he could choose between two different sentencing laws and further alleging that the State failed to file notice of its intent to seek enhancement of the punishment . In December of 1996, the petitioner filed a petition for writ of habeas corpus alleging that the indictments for aggravated rape, murder, and armed robbery were fatally defective and obtained upon void and defective affidavits of complaints and warrants. Lastly, on March 24, 1997, the petitioner filed a motion to amend and add to his original petition for post-conviction relief. This motion moved to strike and expunge from the original petition the grounds of ineffective assistance of counsel and of unknowing and involuntary guilty plea. The motion also added the allegation that the petitioner's sentence is void on the grounds that the State did not abide by the terms of the plea agreement. Upon the State's motion, the trial court dismissed petitioner's

2

petition for post-conviction relief and writ of habeas corpus. The petitioner now appeals and argues that the trial court erred when it dismissed his petition for post-conviction relief and writ of habeas corpus. We disagree and affirm the judgment of the court below.

When petitioner pled guilty on September 23, 1986, a three year statute of limitations was in effect regarding post-conviction petitions. T.C.A. §40-30-102 (repealed 1995). This statute of limitations started to run when the judgment against the petitioner became final in October of 1986. State v. Moore, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991). As the petitioner's post-conviction petition was filed after October 1989, the statute of limitations had run and his petition is barred.

Petitioner argues that his petition is not barred by the statute of limitations because it is a motion to reopen his prior post-conviction petition filed on August 17, 1984. This argument is without merit. A petitioner may file a motion to reopen the first post-conviction petition but only in the limited circumstances set out in T.C.A. § 40-30-217 (1997). The petitioner has alleged nothing that would bring his petition within those limited circumstances entitling him to reopen his first petition for post-conviction relief.

Petitioner also appeals the trial court's denial of his writ of habeas corpus in which petitioner alleges the indictments were fatally defective. This argument is without merit as it has been waived. It is the duty of the appellant to prepare a record that conveys a fair, accurate and complete account of what transcribed in the trial court with respect to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b). In addition, this Court has held that an appellate court cannot consider an issue which is not preserved in the record for review. State v. Banes, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1994). As the petitioner did not include the indictments in the record, any complaints pertaining to those indictments are waived.

Furthermore, even if the indictments had been included in the record, the petitioner's arguments would still fail. Habeas corpus relief is only available when a conviction is void because the convicting court was without jurisdiction or authority to sentence the petitioner or petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). Petitioner contends the indictments are fatally defective because they did not contain the requisite mens rea depriving the trial court of jurisdiction. Although this is a proper basis for a writ of habeas corpus, the petitioner has alleged nothing that would entitle him to habeas corpus relief.

In determining whether an indictment is sufficient, it must first be determined whether the crime occurred under the old or the new criminal code. In the present case the petitioner's offense occurred in 1981, well before the enactment of the new criminal code on November 1, 1989.[1] Since the indictments challenged by petitioner were returned under the old criminal code, the prevailing law at that time governs this case. When petitioner was indicted in 1981, Tennessee law required the following:

> [t]he indictment must state the facts constituting the offense
> in ordinary and concise language, without prolixity or repetition,
> in such a manner as to enable a person of common understanding
> to know what is intended, and with that degree of certainty which
> will enable the court, on conviction, to pronounce the proper
> judgment . . . .

T.C.A. § 40-1802 (now codified at § 40-13-202). In addition, the Tennessee Supreme Court reviewed such statute and held that recitation of the statutory language regarding the offense charged gives rise to the presumption that the indictment sufficiently apprises the defendant of the mental element required. Campbell v. State, 491 S.W.2d 359, 361 (Tenn. 1973).

The first-degree murder indictment of the petitioner, assuming his brief is

---

[1] This Court has held those offenses that occurred after November 1, 1989, are to be governed by our Supreme Court's ruling in State v. Hill, 954 S.W.2d 725 (Tenn. 1997). See Orren v. Carlton, No. 03C01-9704-CR-00141(Tenn. Crim. App. at Knoxville, filed Feb. 13, 1998); Barrett v. Compton, No. 02C01-9612-CC-00462 (Tenn. Crim. App. at Jackson, filed April 9, 1997).

correct as that is the only recitation of the indictment in the record, charges

> Carl Eugene Jordan a/k/a Carl hadley [sic] heretofore to wit,
> on the 11 [sic] day of July, 1980 and prior to the date of this
> indictment with force and arms, in the custody aforesaid,
> unlawfully, feloniously, willfully, deliberately, maliciously,
> and in the perpetration of or attempt to perpetrate a bulgrary,
> [sic] did make an assault upon the body of one, Bobby H.
> Reeves, and . . ., the said . . . Carl Eugene Jordan a/k/a
> Carl Hadley, then and there unlawfully, feloniously, willfully,
> deliberately, maliciously and in the prepetration [sic] of of
> [sic] the attempt to perpetrate a burglary, did kill and murder
> the said Bobby H. Reeves, in violation of Tennessee Code
> Annotated §39-2402 and against the peace and dignity of the
> state of Tennessee.

Petitioner argues that because this indictment does not include the term "premeditation"
it is fatally flawed, depriving the sentencing court of jurisdiction over the petitioner and the
subject matter.

The statute under which the petitioner was charged was T.C.A. § 39-2402
(repealed 1989). The statute stated

> (a) Every murder perpetrated by means of poison, lying
> in wait, or by other kind of willful, deliberate, malicious,
> and premeditated killing, or committed in the perpetration of,
> or attempt to perpetrate, any murder in the first degree, arson,
> rape, robbery, burglary, larceny, kidnapping, aircraft piracy, or
> the unlawful throwing, placing or discharging of a destructive
> device or bomb, is murder in the first degree.

T.C.A. § 39-2402 (repealed 1989).

The petitioner contends that since the statute includes the term
"premeditation", it is an element of the offense and must be alleged in the indictment.
This contention is without merit. Premeditation is not an element of first-degree murder
where felony murder is being charged. See State v. Hopper, 695 S.W.2d 530, 535
(Tenn. Crim. App. 1985). In the petitioner's case, the murder occurred during the
commission of a robbery and a rape, therefore constituting felony murder. As
premeditation is not an element of first-degree murder when such murder occurs during
the commission of a robbery or a rape, it was not necessary to include the term

5

premeditation in the indictment against the petitioner.

The petitioner also contends that the indictment charging him with aggravated rape was fatally defective because it contained language of a factual content wholly different and inconsistent with the ensuing circumstances as they related to the events that unfolded during the alleged offense. The aggravated rape indictment, according to petitioner's brief, reads:

> Carl Eugene Jordan a/k/a Carl Hadley . . . on the day
> and year aforesaid . . . unlawfully, forcibly or with the
> use of coercision [sic] did sexually penetrate one Fredia
> Reeves . . . the said Lewis Eugene Cobitt [sic] and Carl
> Eugene Jordan a/k/a Carl Hadley Aiding or Abetting each
> other in/the [sic] act of said sexual penetration and while
> the said Lewis Eugene Corbitt and/or Carl Eugene Jordan
> a/k/a Carl Eugene Hadley were armed with a deadly
> weapon, to wit, a pistol . . .

The petitioner argues that since the "record is absolutely barren of evidence, of any kind, depicting the necessary elements needed for supporting an indictment of 'Aiding and Abetting'" the indictment is fatally defective. The petitioner was indicted under T.C.A. § 39-3703 (repealed 1989), which states:

> (a) Aggravated rape is unlawful sexual penetration of another
> accompanied by any of the following circumstances:
> (1) Force or coercion is used to accomplish the act and the
> defendant is armed with a weapon or any article used or
> fashioned in a manner to lead the victim reasonably to believe
> it to be a weapon;
> (2) The defendant causes personal injury to the victim;
> (3) The defendant is aided or abetted by one or more other
> persons; and
>     (A) Force or coercion is used to accomplish the act

T.C.A. § 39-3703 (repealed 1989).

Petitioner was also indicted under T.C.A. § 39-109 (repealed 1989), as an aider and abettor. Such statute states that "[a]ll persons present, aiding and abetting, or ready and consenting to aid and abet, in any criminal offense, shall be deemed principal

6

offenders, and punished as such." T.C.A. § 39-109 (repealed 1989). Petitioner's contention is that there is not enough evidence in the record to convict him as an aider and abettor. It is well-settled law that habeas corpus and post-conviction proceedings are not available to test the sufficiency of the evidence at the original trial, nor to inquire into or determine the question of guilt or innocence, nor to test the competency or incompetency of original trial witnesses. Shepherd v. State, 533 S.W.2d 335, 338 (Tenn. Crim. App. 1975); see also Myers v. State, 462 S.W.2d 265, 267 (Tenn. Crim. App. 1970). Therefore, petitioner's contention that the evidence was insufficient to support a conviction for aggravated rape is not a proper basis for post-conviction relief.

The petitioner further contends that the indictment charging petitioner with aggravated rape failed to recite explicitly the facts which constituted the alleged crime. According to the petitioner, this failure renders the indictment fatally defective. This contention is without merit. The indictment charging petitioner with aggravated rape stated the facts constituting aggravated rape in ordinary language such that a person of common understanding would know the crime charged and with enough certainty to enable a court to pronounce proper judgment upon conviction. As such, the indictment was sufficient under the applicable statutory standard. See T.C.A. § 40-1802 (now codified at § 40-13-202).

Petitioner also challenges the indictment charging him with armed robbery. Petitioner alleges the indictment is fatally defective and should be set aside because it does not include the term "forcible." The indictment charging petitioner with armed robbery is set out in petitioner's Reply Brief and states:

> On the 11 day of July, 1980, in the County aforesaid, that (he), has probably [sic] cause to believe that Carl Hadley a/k/a Carl Eugene Jordan unlawfully and feloniously did make an assault upon the body of one Freda M. Reeves, and did then and there unlawfully and feloniuosly [sic] put (her) in fear and danger of (her) life, and then and there unlawfully, feloniuosly, [sic] and violently did steal, take,

7

and carry away from the person and against the will of the said Freda M. Reeves certain personal property, to wit, approximately $15.00 in foo [sic] stamps of the value of $15.00 the personal property of the said Freda M. Reeves, said robbery being accomplished by the use of a deadly weapon, to wit, a pistol . . . .

In order to determine the sufficiency of this indictment it is necessary to review the statute under which petitioner was indicted. Petitioner was indicted under T.C.A. § 39-3901 (repealed 1989), which states:

(a) Robbery is the felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person in fear. Every person convicted of the crime of robbery shall be imprisoned in the penitentiary not less than five (5) nor more than fifteen (15) years; provided, that if the robbery be accomplished by the use of a deadly weapon the punishment shall be death by electrocution, or the jury may commute the punishment to imprisonment for life or for any period of time not less than ten (10) years.

This Court has held that "[a]n indictment for a statutory offense need only describe the crime in the words of the statute or through words substituted which are equivalent to the words used in the statute or of more extensive signification." Patty v. State, 556 S.W.2d 776, 780 (Tenn. Crim. App. 1977). In fact, the Tennessee Supreme Court has held the words "forcibly" and "violently" are synonymous. Mendolia v. State, 241 S.W.2d 606, 611 (Tenn. 1951). The Tennessee Supreme Court has also held an indictment charging robbery is not rendered defective by the use of the word "violently" instead of the word "forcibly." McTigue v. State, 63 Tenn. 313 (1874). In light of the foregoing, the indictment charging petitioner with armed robbery was sufficient where "violently" was used in place of "forcibly."

Petitioner's final contention in his writ of habeas corpus is that the indictments against him were gained upon void and defective affidavits of complaints and warrants and are therefore void. These contentions are without merit. Habeas corpus

8

relief is available only upon a showing that a conviction is void or the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157 (1993). The petitioner has alleged nothing that would entitle him to habeas corpus relief. Furthermore, it is well settled law that all questions as to the sufficiency of a warrant are foreclosed by the finding of an indictment. Jones v. State, 206 Tenn. 245, 256-57, 332 S.W.2d 662, 667 (Tenn. 1960); see also State v. Southland News Co., Inc., 587 S.W.2d 103, 105 (Tenn. Crim. App. 1979). The Tennessee Supreme Court has also stated "it would be a miscarriage of justice to hold that when the probability of the commission of a crime has been called to the attention of the grand jury by either a defective or even a void warrant, the grand jury would be powerless to investigate the situation further and to find a valid indictment for whatever offense or offenses their investigation might develop." Jones, 332 S.W.2d at 667. This reasoning is also applicable to petitioner's claim that defective complaints rendered the indictments against him void. As such, the indictments against the petitioner are valid.

Petitioner has also filed a reply brief with this Court alleging the trial court was without jurisdiction to dismiss his petition for post-conviction relief and writ of habeas corpus, and the trial court committed reversible error when counsel was allowed to withdraw from petitioner's case without filing a motion to withdraw or informing the court of such withdrawal. It is well-settled that a post-conviction petitioner may not raise grounds on appeal that were not charged in the petition for post-conviction relief or the amended petition. Long v. State, 510 S.W.2d 83, 85 (Tenn. Crim. App. 1974). As the aforementioned grounds were not included in the original petition for post-conviction relief or the amended petition, this Court will not review the merits of these allegations.

In sum, we agree with the court below that the petitioner's petition for post-conviction relief was barred by the statute of limitations and that his writ of habeas corpus failed to state grounds upon which relief could be granted. Further, there is no allegation in the petition for post-conviction relief that would allow the petitioner to reopen pursuant

to T.C.A. § 40-30-217 (1997).

The denial of the petition and writ of habeas corpus is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
THOMAS T. WOODALL, Judge

_____
L. TERRY LAFFERTY, Special Judge