IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MARCH 1999 SESSION

FILED

July 16, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| RALPH DEAN PURKEY, | * | C.C.A. # 03C01-9808-CC-00268 |
| Appellant, | * | BLEDSOE COUNTY |
| VS. | * | Hon. Thomas W. Graham, Judge |
| JAMES A. BOWLEN, WARDEN, and THE TENNESSEE DEPARTMENT OF CORRECTION, | * | (Habeas Corpus) |
| | * | |
| Appellees. | * | |

For Appellant:                               For Appellees:

Ralph Dean Purkey, pro se          John Knox Walkup
No. 110256                                  Attorney General and Reporter
STSRCF, Unit 6
Route 4, Box 600                         Todd R. Kelley
Pikeville, TN  37367                     Assistant Attorney General
                                                   425 Fifth Avenue North
                                                   Nashville, TN  37243-0493

                                                   James W. Pope, III
                                                   Assistant District Attorney General
                                                   District Attorney General's Office
                                                   Twelfth Judicial District
                                                   265 Third Avenue, Suite 300
                                                   Dayton, TN  37321

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

OPINION

The petitioner, Ralph Dean Purkey, appeals the trial court's denial of his petition for writ of habeas corpus. The single issue presented for our review is whether the petition was properly dismissed. We find no error and affirm the judgment of the trial court.

On September 25, 1986, the petitioner was convicted of grand larceny in Cocke County and received a ten-year sentence. Because he was found to be a habitual criminal, his sentence was enhanced to a term of life in prison. Defense counsel filed a motion for a new trial but the motion was dismissed because the petitioner escaped from custody after his conviction. No appeal was taken. Ralph Dean Purkey v. State, No. 03C01-9607-CC-00257, slip op. at 2 (Tenn. Crim. App., at Knoxville, Oct. 8, 1997). The petitioner was eventually apprehended and, afterward, filed numerous petitions for post-conviction relief, all of which were dismissed as time-barred. See id. (ruling that the third petition was barred by the statute of limitations).

On May 29, 1998, the petitioner filed this petition for writ of habeas corpus alleging that his convictions were obtained as a result of violations of the Tennessee and United States Constitutions. He contended that his conviction for grand larceny over $200.00 is void because it is based on insufficient evidence. The petitioner argued that the victim testified at trial to a loss in cash and food stamps totaling only $150.00, less than the $200.00 minimum required at that time to support a grand larceny conviction. The petitioner points out that the presentence report, which includes the victim's statement, documents a loss of only "$150.00 in cash and food stamps as a result of this offense."

2

The trial court observed that the petition would have been barred by the statute of limitations had the petitioner sought post-conviction relief and ruled that habeas corpus relief was not warranted because the petitioner was unable to establish that his term of imprisonment had expired or that the judgment was facially invalid. In this appeal, the petitioner complains that there was insufficient evidence to support a conviction of grand larceny in an amount over $200.00 and the enhancement of the sentence to a term of life due to habitual criminality was, therefore, improper.

In this state, a writ of habeas corpus may be granted only when a petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). A "person imprisoned or restrained of his liberty, under any pretense whatsoever, ... may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment...." Tenn. Code Ann. § 29-21-101. The writ of habeas corpus, however, is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992).

In John Wayne Slate v. State, No. 03C01-9201-CR-00014 (Tenn. Crim. App., at Knoxville, Apr. 2, 1994), a panel of this court granted post-conviction relief based upon insufficient evidence of deliberation, an essential element of first degree murder. Because the insufficiency qualified as a violation of due process, the conviction was declared constitutionally "void" and was modified to second

3

degree murder. On October 21, 1994, our supreme court denied application for permission to appeal, yet concurred in results only. The ruling in Slate was based upon the decision of the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781 (1979). In Jackson, a federal habeas corpus case, the Supreme Court ruled that due process of law is violated when a conviction results from evidence which is insufficient under the reasonable doubt standard. 443 U.S. at 317-18, 99 S. Ct. at 2788. The high court held that federal habeas corpus relief is available "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." 443 U.S. at 324, 99 S. Ct. at 2791-92.

.

At the time of this offense, petit larceny, then defined as a theft of less than $200.00, was not among those listed offenses which would trigger a life sentence based upon habitual criminality. See Tenn. Code Ann. § 39-1-801 (1982). Basically, the petitioner contends that the evidence at his trial was insufficient to support a conviction of grand larceny. Certainly, the presentence report and a portion of the transcript provided by the petitioner and included in this record suggests that the restitution ordered was less than $200.00, an indication at least that the value of the stolen items was less than the $200.00 threshold.

An exhibit presented from the sentencing hearing establishes that counsel for the defense objected when a witness testified that the amount of money and food stamps approximated $150.00. At that point, the trial judge observed as follows:

> She is estimating under $200.00[.] I don't know why you would object. Let the record show you object, and I overrule.

Our inference from this is that the trial court observed that the petitioner's counsel

could hardly complain since the request for restitution was for an amount less than that established at trial.  The statement, of course, was made after the jury had returned a verdict of guilt under the petit larceny indictment.

A transcription of the trial is not included in this limited record.  The burden is always on the appellant to supply an adequate record on appeal for a determination of the issues presented.  Without the trial record, it would be impossible to determine whether the evidence was sufficient.  In consequence, this court must presume that the trial court correctly ruled.  Smith v. State, 589 S.W.2d 811 (Tenn. Crim. App. 1979); Vermilye v. State, 584 S.W.2d 226 (Tenn. Crim. App. 1979).

Habeas corpus relief under the Tennessee statute is limited.  In several cases, it has been held that a claim of insufficient evidence does not fall within the definition of facial validity.  See, e.g., Shepherd v. State, 533 S.W.2d 335, 338 (Tenn. Crim. App. 1975).  Because the inadequacy of the record dictates the result, it is not necessary for this court to consider whether state habeas corpus relief would be available based on insufficient evidence in accordance with the rulings in Jackson and Slate.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

5

CONCUR:


_____
Norma McGee Ogle, Judge


_____
Cornelia A. Clark, Special Judge

6