IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
October 3, 2006 Session

## ANTHONY KESHUN GOODS v. TONY PARKER, Warden

**Appeal from the Circuit Court for Lake County**
**No. 03-CR-8494-R1   R. Lee Moore, Judge**

---

**No. W2006-00849-CCA-R3-CO  - Filed February 27, 2007**

---

The State appeals the habeas court's grant of a petition for habeas corpus relief filed by the Petitioner, Anthony Keshun Goods. The Petitioner alleged in his petition that his sentence was illegal because he was sentenced to concurrent terms when the law required him to be sentenced to consecutive terms. On appeal, the State contends the statutory requirement of consecutive sentences does not apply to the Petitioner, his petition is not yet ripe, and the remedy set out by the habeas court is improper. Finding reversible error in the judgment of the habeas court, we reverse the judgment and dismiss the habeas corpus petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Phillip Bivens, District Attorney General, for the Appellant, State of Tennessee.

Patrick R. McGill, Dyersburg, Tennessee, for the Appellee, Anthony Keshun Goods.

**OPINION**
**I. Facts**

This appeal by the State arises from the granting of a writ of habeas corpus by the Lake County Circuit Court.[1] The following facts have been presented in the record. On February 17, 1995, the Petitioner, age 16, was brought into juvenile court upon a petition alleging delinquency by theft of a vehicle of more than $1000 in value. After a detention hearing, the Petitioner was released to his mother. On March 29, 1995, the Petitioner committed acts which led to convictions

---

[1]This case originally came before this Court in 2004. See Anthony K. Goods v. Tony Parker, Warden, No. W2003-02914-CCA-R3-HC, 2004 WL 2309901 (Tenn. Crim. App., at Nashville, Oct. 13, 2004), *perm. to app. denied* (Tenn. Sept. 6, 2005), *abrogated by* Charles G. Summers v. State, — S.W.3d —,No. M2004-02806-SC-R11-HC, 2007 WL 160955, at *6 (Tenn., at Nashville, Jan. 23, 2007).

for especially aggravated robbery, second degree murder, and attempted second degree murder. On April 10, 1995, the Petitioner, still 16 years of age, was again brought into juvenile court on petitions that he committed an especially aggravated robbery on March 29.[2] Finally, on May 10, 1995, the Petitioner's case was transferred by Mittimus from the Shelby County Juvenile Court to the Shelby County Criminal Court for the Petitioner to stand trial as an adult for theft of property over $1000 and especially aggravated robbery. On the Mittimus, the Shelby County Juvenile Court set the "bail bond with sufficient security in the sum of $NO BOND SET."

On June 7, 1996, the Petitioner pled guilty to second degree murder, attempted second degree murder, especially aggravated robbery, and theft of property over $1000 in a "global" plea arrangement. The Petitioner alleges that the plea agreement included the requirement that these sentences be run concurrently, as opposed to consecutively. The trial court ordered that the terms run concurrently, and the Petitioner was incarcerated in Lake County.

In 2003, the Petitioner filed a petition for habeas corpus relief, which was denied without a hearing by the trial court. On appeal, this Court reversed the trial court's decision and remanded for the appointment of counsel and a hearing. Prior to the re-hearing at the trial level, on October 17, 2005, both parties stipulated that the Petitioner was out on bail when he committed the second degree murder and attempted second degree murder. The trial court found that the Petitioner's sentences were void pursuant to Tennessee Rule of Criminal Procedure 32(c)(3). Rule 32(c)(3) mandates consecutive sentences for "a felony where the defendant was released on bail and the defendant is convicted of both offenses."

On November 8, 2005, the State filed a motion for reconsideration, claiming it should not have stipulated to the fact that the Petitioner was out on bail when he was actually out on his own recognizance when he was released by the juvenile court to his mother. The trial court considered the motion and determined that "NO BOND SET" should be considered bail under the statute and that any crimes committed while a defendant was out on his or her own recognizance would be treated as if the defendant was released on bail under Rule 32(c)(3). This ruling essentially made the contested stipulation moot, as the court agreed with the stipulated point. The trial court determined that the Tennessee Supreme Court's ruling in McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001), required it to find the Petitioner's sentence void. As such, the trial court transferred the case back to Shelby County Criminal Court for further proceedings. It is from this order that the State now appeals.

## II. Analysis

On appeal, the State contends the trial court erred in: (1) finding the Petitioner was out on bail at the time of the subsequent offense; (2) finding the Petitioner was entitled to habeas corpus

---

[2]There is no documentation in the record which would indicate the Petitioner was summoned to juvenile court for the second degree murder and attempted second degree murder. It appears the Petitioner was charged with second degree murder and attempted second degree murder after his transfer to Shelby County Criminal Court.

relief when the portion of his uncontested sentence had yet to expire; and (3) ordering the case remanded to address the void sentence and voidable conviction.

The Petitioner claims: (1) the State stipulated to the fact that the Petitioner was out on bail at the time of the subsequent offenses; (2) the trial court was correct in finding "bail" as used in Rule 32(c)(3) included "out on own recognizance;" (3) there is no portion of the sentence that is uncontested; and (4) the remand was proper under current Tennessee law.

## A. The Stipulation

The Petitioner argues the State stipulated to the fact that the Petitioner was out on bail at the time of his subsequent offenses, and the State does not respond to this in its brief. The trial court based its original opinion on the stipulated fact, but in its motion for reconsideration, the State argued that the Petitioner was out on his own recognizance at that time: he was not out on bail. In other words, the State argued that the word "bail" should not be interpreted to include "out on own recognizance."

> In State v. James M. Kennedy, this Court stated:
>
> A stipulation is an "agreement between counsel with respect to business before the court." State v. Ford, 725 S.W.2d 689, 691 (Tenn. Crim. App. 1986), perm. to appeal denied, (Tenn. 1987). When made, it binds the parties to the agreed facts and must be "rigidly enforced" by the courts. State ex rel. Weldon v. Thomason, 221 S.W. 491, 495 (Tenn. 1920). Before a stipulation is binding it must be clear from the record that both parties agreed to it. 73 Am. Jur. 2d Stipulations § 2 (1974). The terms of oral stipulations must be "definite and certain in order to render the proper basis for a judicial decision." Id.

No. 02C01-9207-CC-00168, 1993 WL 102002, at *1 (Tenn. Crim. App., at Jackson, Apr. 7, 1993), *no Tenn. R. App. P. 11 perm. app. filed*. Further, in Thomason, the Tennessee Supreme Court stated:

> But the meaning of language used in a statute from which the validity or invalidity of the act is to be determined is not the subject of agreement by parties or counsel, but is to be found by the courts. Parties cannot agree upon the unconstitutionality of a statute, nor by their stipulations determine for the courts the judicial question as to what the action or intent of the lawmaking body is. Manifestly, to uphold such agreements would permit litigants to nullify any enactment of the Legislature.

221 S.W. at 495.

While normally whether one was out on bail or not would be a simple fact that could be stipulated to, this case presents a different situation. The stipulation was actually an interpretation of Rule 32(c)(3): that "bail" includes "out on own recognizance." That type of stipulation is

impermissible under Tennessee law. Thus, we give no weight to the stipulation.

## B. Ripeness of Petitioner's Petition

The State contends that the Petitioner's claim is not yet ripe because the part of his sentence that is uncontested has not yet expired. The State argues that the first twelve years of the Petitioner's sentence are uncontested because he could have rightfully been sentenced to those twelve years under his original theft crime. Thus, if the Petitioner wants to challenge his detainment, he must wait until those twelve years have passed.[3] Initially, we note that we agree with the Petitioner in his assertion that he has contested all of his convictions and sentences. The sentences were pled together and we can find nothing in the record or briefs to support the State's argument that the Petitioner has merely contested part of his sentence.

Taking that into account, we conclude the State is incorrect in its reliance on three Tennessee Supreme Court cases. First, in State ex rel. Dickens v. Bomar, two petitioners petitioned for habeas corpus relief from concurrent sentences in both Hickman and Dickson Counties. 381 S.W.2d 287, 289 (Tenn. 1964). The petitions attacked only the Hickman convictions. Id. The Tennessee Supreme Court determined that, if the petitioners were validly held in Dickson County, they could not attack a Hickman County detention on habeas corpus grounds. Id. Because the petitioners in Bomar did not challenge both detentions, this case is inapplicable.

In Ussery v. Avery, also cited by the State, a petitioner challenged one of his two counts of armed robbery. 432 S.W.2d 656 (Tenn. 1968). The Court concluded that, until his second term of incarceration expired, his habeas corpus petition was not ripe. Again, because the petitioner in Ussery did not challenge all of his counts, Ussery is inapplicable to this case.

Finally, the State argued Adams v. Russell requires a habeas petition to be ripe. 167 S.W.2d 5 (1942), *overruled on other grounds by* Franks v. State, 213 S.W.2d 105 (1948). In Adams, the petitioner should have statutorily received a determinate sentence of over twenty years. Id. at 6. Instead, the petitioner received a sentence of not less than twenty years and not greater than thirty-six years. Id. While this was improper, the Court determined that the petitioner did not have proper standing to proceed on a habeas corpus petition until twenty years had expired. Id. Again, we disagree with the State's assertion that Adams makes this Petitioner's claim not yet ripe.[4] This

---

[3]The State noted its claim that this issue is not yet ripe was and is also before the Tennessee Supreme Court. See Smith v. Lewis, No. E2004-01800-CCA-R3-HC, 2005 WL 1269155 (Tenn. Crim. App., at Knoxville, May 27, 2005) *perm. app. granted* (Tenn. Dec. 5, 2005); Summers v. State, No. M2004-02806-CCA-R3-HC, 2005 WL 1950298 (Tenn. Crim. App., at Nashville, Aug. 12, 2005) *rev'd on other grounds by* Summers, — S.W.3d —, 2007 WL 160995, at 9. Summers, as noted in footnote 1, was recently decided, and the Tennessee Supreme Court disagreed with the State's mootness argument. Summers, — S.W.3d —, 2007 WL 160995, at *4.

[4]This Court also notes that the Tennessee Supreme Court's recent line of cases on sentences which contravene statutes may also cast some doubt on the legitimacy of the Adams decision. See Summers, — S.W.3d —, 2007 WL 160995, at *3 ("A sentence imposed in direct contravention of a statute is void and illegal," and "A trial court may correct a void and illegal sentence at any time.") (citing Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) and

-4-

Petitioner alleges none of the four sentences are legal, and thus his detention is in no way legal or legitimate.

Thus, we conclude this case is ripe for habeas corpus review.

### C. Whether The Petitioner Was Out On "Bail"

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. Tenn. Code Ann. § 29-21-101 (2003) *et seq*. The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory time limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." Taylor, 995 S.W.2d at 83; *see* State v. Richie, 20 S.W.3d 624, 633 (Tenn. 2000).

Per McLaney v. Bell, if one is sentenced concurrently when he should have statutorily been sentenced consecutively, habeas relief should be granted. 59 S.W.3d 90, 94-95 (Tenn. 2001), *overruled in part on other grounds by* Summers, — S.W.3d —, 2007 WL 106995, at *1. Pursuant to Tennessee Rule of Criminal Procedure 32(c)(3), sentences are to be run consecutively for felonies "committed while the defendant was released on bail [if] the defendant is convicted of both offenses." See Tenn. Code Ann. § 40-20-111(b) (2003). Thus, we must determine whether the Petitioner was on "bail" when he was released as a juvenile, into his mother's custody, after his appearance on a charge of theft of property over $1000.

The Petitioner was first brought into juvenile court on a petition that he committed theft of property valued at over $1000. After the Petitioner was released to his mother, he committed acts which led to charges of second degree murder, attempted second degree murder, and especially aggravated robbery. We conclude that, by statute, a juvenile cannot be released on bail due to the fact that a juvenile cannot be arrested.

Tennessee Code Annotated section 40-11-105 states when one has the right to bail: "*When the defendant has been arrested or held to answer for any bailable offense*, the defendant is entitled to be admitted to bail by the committing magistrate, by any judge of the circuit or criminal court, or

---

Moody v. State, 160 S.W.3d 512, 516 (Tenn. 2005)).

by the clerk of any circuit of criminal court . . . ." (emphasis added). Tennessee Code Annotated section 37-1-113 states:

> (a) A child may be taken into custody:
>
>> (1) Pursuant to an order of the court under this part;
>>
>> (2) Pursuant to the laws of arrest;
>>
>> (3) By a law enforcement officer, social worker of the department of human services, or duly authorized officer of the court, if there are reasonable grounds to believe that the conditions specified in § 37-1-114(a)(2) exist; or
>>
>> (4) By a law enforcement officer, or duly authorized officer of the court if there are reasonable grounds to believe that the child has run away from the child's parents, guardian or other custodian.
>
> (b) *The taking of a child into custody is not an arrest*, except for the purpose of determining its validity under the Constitution of Tennessee or the Constitution of the United States. (emphasis added).

At the time the Petitioner was summoned to juvenile court, he was a child under the Tennessee Code. See Tenn. Code Ann. § 37-1-102(b)(4)(A) (2003) (A child is a person under 18 years of age).

Because the Petitioner was a child at the time of his first appearance in juvenile court, he had not been arrested, he was merely in custody. Because he had not been arrested, the Petitioner could not receive bail. Thus, the Petitioner could not have been out on bail when he committed the subsequent offenses.[5]

We conclude this understanding of the Code accurately reflects the purpose of the statutes dealing with juveniles, including that one purpose is to, "[c]onsistent with the protection of the public interest, remove from children committing delinquent acts the taint of criminality and the consequences of criminal behavior and substitute therefore a program of treatment, training, and rehabilitation." Tenn. Code Ann. § 37-1-101(a)(2) (2003). Thus, arrest and admittance to bail, as these terms are applied to adults, are not applicable to juvenile court proceedings dealing with children, except perhaps pursuant to or in relation to a hearing to transfer a child to be tried as an adult pursuant to Tennessee Code Annotated section 37-1-134.

---

[5]Releasing the Petitioner to his mother's care was completely consistent with the rules set out in the Tennessee Rules of Juvenile Procedure. Rule 5 states, in part, "When a child is taken into custody the child shall not be detained but shall be released to the child's custodian or some other suitable adult within a reasonable time," and "The person to whom a child is released may be required to sign a written promise to produce the child when ordered by the court." Tenn. R. Juv. P. 5(b).

While the Petitioner may believe he is the type of person who deserves consecutive sentencing due to his inability to refrain from committing crimes while he had juvenile charges pending, concurrent sentencing was appropriate and legal under the statutes. Accordingly, the judgment of the habeas court is reversed, and the Petitioner's habeas corpus petition is dismissed.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we reverse the judgment of the trial court and dismiss the habeas corpus petition.

_____
ROBERT W. WEDEMEYER, JUDGE