STATE of Tennessee, Appellee,

v.

Paul FORD, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Nov. 20, 1986.

Permission to Appeal Denied by Supreme Court Feb. 9, 1987.

Gordon Ball, Ball and Dunn, Newport, for appellant.

W.J. Michael Cody, Atty. Gen., Bettye Springfield-Carter, Asst. Atty. Gen., Nashville, Al Schmutzer, Dist. Atty. Gen., Sevierville, Phil Owens, Asst. Dist. Atty. Gen., Newport, for appellee.

## OPINION

SCOTT, Judge.

The appellant was convicted of driving under the influence of an intoxicant, third offense. He was sentenced to serve eleven months and twenty-nine days in the county jail and was fined $1,000.00. On appeal he has presented four issues. In the first he challenges the sufficiency of the convicting evidence. In the second he contends that his motion for judgment of acquittal should have been granted since he was not shown to be driving or in "physical control" of the automobile.

The state's proof consisted of the testimony of Randy Hartselle, a member of the Tennessee Highway Patrol. At approximately 2:45 A.M. on October 9, 1983, Mr. Hartselle received a call that there had been a wreck on Interstate 40 near the Cave Church Road overpass. Upon arriving at the scene, he found the appellant's car had struck a guardrail, damaging the front fender on the passenger side. The car was still in gear and the keys were in the ignition. The appellant was behind the steering wheel, either asleep or "passed out." Mr. Hartselle noted "the odor of alcohol beverage about his person." In addition, the appellant was "very unsteady on his feet" and had bloodshot eyes. Seven full cans of beer and two empty cans were in his car. The appellant agreed to take a breath test. Later, he changed his mind, and stated that he wanted a lawyer present at the time of the test. Mr. Hartselle let the appellant call two different attorneys. However, both refused to go to the police station.

The appellant's proof consisted of the testimony of one of the attorneys and a stipulation of the other attorney's expected testimony. Both stated that when they spoke with the appellant by telephone that he did not sound drunk to them.

Based upon this controverted proof, the jury found the appellant guilty of driving under the influence of an intoxicant. Proof was also introduced to show his prior convictions and the jury enhanced the verdict to DUI, third offense.

A jury verdict of guilty, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in favor of the theory of the state. *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn. 1978). On appeal the state is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom, *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978).

■■■ The crime of driving under the influence is a continuing offense. *State v. Adkins*, 619 S.W.2d 147, 149 (Tenn.Cr.App. 1981). Our Supreme Court has sustained

convictions for driving under the influence even though no one saw the car in motion or saw the accused driving the car. *E.g., Hopson v. State,* 201 Tenn. 337, 299 S.W.2d 11, 13 (1957), (defendant "alighted from the driver's seat"); *Farmer v. State,* 208 Tenn. 75, 343 S.W.2d 895, 897 (1961), (defendant, as in this case, found drunk and asleep at the wheel). Like any other crime, driving under the influence of an intoxicant can be established by circumstantial evidence. *State v. Harless,* 607 S.W.2d 492, 493 (Tenn.Cr.App.1980).

■ There was ample, indeed overwhelming, evidence from which any rational trier of fact would conclude that the appellant was guilty of driving under the influence of an intoxicant, third offense, beyond a reasonable doubt. Rule 13(e), T.R.A.P., *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 2786–2792, 61 L.Ed.2d 560 (1979).

In another issue it is asserted that the trial judge erred by stipulating the testimony of Mr. Leibrock without the appellant's consent. The appellant contends in his brief that a hearing was held the day before the trial and the trial judge then decided to allow Mr. Leibrock, a practicing attorney, to disobey the subpoena issued for him and to not appear at trial. At trial, the court stated in substance what Mr. Leibrock's testimony would have been had he appeared. The appellant contends that these statements were entered as evidence without his consent and over his objection.

The transcript of the hearing the day before the trial is not in the record. Whether a verbatim stenographic report of the proceedings was made or not, it is the appellant who has the responsibility to have prepared a transcript "of such part of the evidence of proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Rule 24(b) and (c), T.R.A.P. Thus, we are unable to review what occurred at that hearing.

However, the record does reveal that the defense counsel objected to Mr. Leibrock being released from the subpoena prior to the beginning of the trial. Later, when the stipulation was stated to the jury by the judge, it appeared to be with the appellant's consent. Furthermore, after the stipulation was stated by the judge, the state objected to the way he worded the stipulation. The judge responded that he had stated it accurately, and defense counsel noted his concurrence with the way the stipulation was presented.

■ A stipulation is an *agreement between counsel* with respect to business before a court. 83 C.J.S. (Stipulations) § 1, p. 2. (emphasis added) Stipulations are favored and should be encouraged and enforced by the courts, since they expedite the business of the courts. *Brown v. McCulloch,* 24 Tenn.App. 324, 144 S.W.2d 1, 4 (1940). However, it is not the duty or function of a trial court to require one of the parties to the litigation to stipulate with his adversary. 83 C.J.S. (Stipulations) § 2, p. 3.

■ Certainly, it is not the business of the trial judge to decide what will be stipulated, or, as in this case, to state to the jury the substance of the absent witness's testimony. The impropriety of this unusual procedure is illustrated by the fact that both the state and the appellant were dissatisfied with the stipulation. The appellant was dissatisfied that the stipulation replaced the witness and the state was dissatisfied that the judge couched the stipulation in terms too favorable to the appellant. The danger of courts getting involved in the stipulation process is evident. It was clearly error for the trial judge to have required the appellant to present the testimony of the witness by stipulation.

■ However, the error was harmless. Rule 52(a), T.R.Cr.P. Stated differently, it cannot be said that the stipulation was an error involving a substantial right which more probably than not affected the judgment or resulted in prejudice to the judicial process. Rule 36(b), T.R.A.P. The appellant presented the live testimony of Ben Hooper, a well known attorney in Cocke County, who testified in his behalf. Mr. Leibrock's testimony was merely cumula-

tive to Mr. Hooper's and absolutely no prejudice resulted from this procedure. This issue has no merit.

 Finally, the appellant contends that the trial judge erred by allowing a conviction for driving under the influence, third offense, to stand because he did not receive proper notice that he was being prosecuted for a third offense.

The indictment in this case charged the appellant with driving under the influence of an intoxicant in October 1983, having been previously convicted of the same offense on four prior occasions. The indictment sets forth the docket numbers of the cases in the Cocke County Circuit Court and the date on which each conviction occurred. That was, without any question, sufficient notice to apprise the appellant that he was charged with driving under the influence after having been previously convicted on the other occasions. This issue has no merit.

Finding no merit to any of the issues, the judgment is affirmed.

DUNCAN and DAUGHTREY, JJ., concur.