# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 5, 2002

## STATE OF TENNESSEE v. RODNEY M. BUTLER

**Appeal from the Circuit Court for Madison County**
No. 00-543     Donald H. Allen, Judge

---

### No. W2001-01084-CCA-R3-CD - Filed March 18, 2002

---

The Defendant, Rodney M. Butler, was indicted by a Madison County grand jury for one count of unlawfully driving or being in physical control of a motor vehicle while under the influence of an intoxicant, one count of unlawfully driving or controlling a motor vehicle with a blood or breath alcohol concentration of .10% or more, and one count of driving under the influence, fourth offense. The Defendant was convicted on all three counts. The trial court merged counts one and two into count three, and, after a sentencing hearing, sentenced the Defendant as a Range II offender to four years in the Department of Correction and reduced the jury-imposed fine of $15,000 to $10,000. On appeal, the Defendant contends that the evidence was insufficient to prove that he was in physical control of the motor vehicle and also contends that he was improperly sentenced. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

Clifford K. McGown, Jr., Waverly, Tennessee, for the appellant, Rodney M. Butler.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Jerry Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General.

### OPINION

On March 18, 2000, Deputy Dan Owen was off duty and working as a security guard for a Wal-Mart store in Jackson, Tennessee when a customer informed him that there was a man who appeared to be intoxicated wandering around the parking lot. Deputy Owen confronted the Defendant in the parking lot approximately fifty feet from the Wal-Mart entrance. The Defendant was carrying a spark plug wrench and a spark plug and informed Deputy Owen that he had driven to the store to get a part for his motorcycle. Deputy Owen observed a bottle protruding from the

Defendant's jacket pocket and detected a strong odor of alcohol on the Defendant. Deputy Owen testified that the Defendant appeared to be intoxicated.

Deputy Owen had the Defendant attempt four field-sobriety tests, and, based upon his observations and the half empty bottle of tequila in the Defendant's possession, placed him under arrest for driving under the influence of an intoxicant. Deputies Ashley Johnson and Tommy Ferguson transported the Defendant to the police station and administered a breathalyzer test. The Defendant's breath alcohol concentration was determined to be .19%. Deputies Johnson and Ferguson both testified that the Defendant was unsteady on his feet, had slurred speech, and appeared to be intoxicated.

The Defendant contended at trial that on March 18 he left his wife's home on his motorcycle to get something to eat at the Wal-Mart store. He had a bottle of tequila in his pocket, but had not taken a drink from the bottle. The Defendant stated that his motorcycle broke down as he arrived at Wal-Mart. The Defendant entered the store and began shopping. To seek relief from the pain of a toothache, the Defendant then began drinking from the bottle of tequila. Eventually, the Defendant decided to retrieve a sparkplug from his motorcycle in hopes of matching it to one in the store and getting his motorcycle in working order. After retrieving the sparkplug, the Defendant was approached by Deputy Owen. The Defendant maintained that he did not drive while intoxicated, but became intoxicated while shopping at Wal-Mart.

Mr. Carroll Henderson testified for the Defendant and stated that his employer, Gene's Tire and Wrecker, towed the Defendant's motorcycle from Wal-Mart. Mr. Henderson stated that when the Defendant came to retrieve the motorcycle, it was inoperable due to a missing sparkplug and "flooding" in the engine. After flushing out the engine and replacing the sparkplug, the Defendant was able to drive the motorcycle home.

The jury convicted the Defendant of counts one and two, and, then, heard evidence of the Defendants three previous D.U.I convictions. The jury then convicted the Defendant of driving under the influence, fourth offense.

### SUFFICIENCY

The Defendant first contends that the State did not prove beyond a reasonable doubt that he was in control of a motor vehicle while intoxicated. Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." Evidence is sufficient if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Smith, 24 S.W.3d 274, 278 (Tenn. 2000). In addition, because conviction by a trier of fact destroys the presumption of innocence and imposes a presumption of guilt, a convicted criminal defendant bears the burden of showing that the evidence was insufficient. See McBee v. State, 372 S.W.2d 173, 176

(Tenn. 1963); see also State v. Buggs, 995 S.W.2d 102, 105-06 (Tenn. 1999); State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Tuggle, 639 S.W.2d at 914; see also Smith, 24 S.W.3d at 279. The court may not "re-weigh or re-evaluate the evidence" in the record below. Evans, 838 S.W.2d at 191; see also Buggs, 995 S.W.2d at 105. Likewise, should the reviewing court find particular conflicts in the trial testimony, the court must resolve them in favor of the jury verdict or trial court judgment. See Tuggle, 639 S.W.2d at 914. All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact, not the appellate courts. See State v. Morris, 24 S.W.3d 788, 795 (Tenn. 2000); State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987).

Tennessee Code Annotated section 55-10-401(a) prohibits a person from driving or being in physical control of a motor vehicle while under the influence of an intoxicant or while having a breath or blood alcohol concentration above .10%. A motorcycle is included within the definition of a "motor vehicle." See id. § 55-8-101 (31). A fourth violation of section 55-10-401(a) is a Class E felony. See Tenn. Code Ann. § 55-10-403(a)(1).

Our supreme court has determined that a violation of section 55-10-401(a), as with any other crime, may be proven entirely by circumstantial evidence. See State v. Lawrence, 849 S.W.2d 761, 764 (Tenn. 1993); State v. Ford, 725 S.W.2d 689, 691 (Tenn. Crim. App. 1986). In the present case, the Defendant was discovered by Deputy Owen in the parking lot of Wal-Mart. The Defendant stated that he had just driven to Wal-Mart to get a part for his motorcycle. The Defendant had a half-empty bottle of tequila in his pocket, was unsteady on his feet, and appeared intoxicated. The Defendant's breath alcohol concentration was .19%. We conclude that the jury could have reasonably inferred that the Defendant was intoxicated when he drove the motorcycle to the store based upon the Defendant's statement and the other evidence of intoxication provided by Deputy Owen.

Furthermore, the evidence is sufficient to support a finding that the Defendant was in physical control of the motorcycle while intoxicated. In Lawrence, our supreme court adopted a "totality of the circumstances" test for determining whether a person was in physical control of a motor vehicle. See Lawrence, 849 S.W.2d at 765. The Lawrence court stated that

> when the issue is the extent of the accused's activity necessary to constitute physical control, as in the instant case, the [totality of the circumstances] test allows the trier of fact to take into account all circumstances, i.e., the location of the defendant in relation to the vehicle, the whereabouts of the ignition key, whether the motor was running, the defendant's ability, but for his intoxication, to direct the use or non-use of the vehicle, or the extent to which the vehicle itself is capable of being operated or moved under its own power or otherwise. The same considerations can be used as circumstantial evidence that the defendant had been driving the vehicle.

Id. The Defendant was confronted by Deputy Owen with a sparkplug and a sparkplug wrench in his hands. The Defendant was intent on entering Wal-Mart to obtain a replacement for the sparkplug, one could only assume, in order to drive himself home. Deputy Owen testified that the Defendant was clearly intoxicated, and the evidence suggests that, but for the sparkplug that the Defendant held in his hand, the motorcycle was operable. If Deputy Owen had not arrested the Defendant, one could reasonably assume that he would have attempted to drive the motorcycle.

A vehicle engine need not be running and the vehicle need not be in motion to sustain a D.U.I. conviction based on "physical control." See Ford, 725 S.W.2d at 690-91; Hester v. State, 270 S.W.2d 321, 322 (1954). A Defendant must have "the present physical ability to direct the vehicle's operation and movement." Lawrence, 849 S.W.2d at 765. The Defendant's contention that the motorcycle was inoperable is without merit. Mr. Henderson, the mechanic, testified that the engine was flooded due to numerous attempts to start the motorcycle, and after alleviating that problem and replacing the sparkplug (which the Defendant himself removed at Wal-Mart), the motorcycle was operable. On the night he was arrested, the Defendant needed only to insert a sparkplug in order to operate the vehicle.

Accordingly, we find sufficient evidence to support the jury's finding that the Defendant drove or was in physical control of the motorcycle, beyond a reasonable doubt. This issue is without merit.

**SENTENCING**

The Defendant also contends that the sentence and fine imposed by the trial court are too harsh. When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Brewer, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are

adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. See State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The presentence report reflects that, at the time of sentencing, the Defendant was a fifty-three year old divorced male with a college degree. The Defendant had two prior felony convictions, three prior D.U.I. convictions, and three prior revocations of his driver's license. The Defendant admitted to a long history of drug and alcohol abuse, as well as an extensive history of physical and mental problems.

The Defendant contends that the trial court failed to give proper weight to the mitigating factor that the Defendant's conduct neither caused nor threatened serious bodily injury. See Tenn. Code Ann. § 40-35-113(1). The trial court stated that this mitigating factor was applicable but gave it little weight in light of the seriousness of the offense and the two applicable enhancement factors.[1] We note that the weight afforded an existing mitigating or enhancing factor is left to the sound discretion of the trial court. See State v. Boggs, 932 S.W.2d 467, 475 (Tenn. 1996). Accordingly, based upon the applicable enhancing factors and because this is the Defendant's fourth D.U.I conviction, we find no error in the sentence imposed by the trial court. This issue is without merit.

The Defendant also complains that the fine ordered by the trial court is unreasonable in light of his indigence. The trial court reduced the jury-imposed fine of $15,000 to $10,000 and stated

> I don't know that he's going to be able to pay this $10,000 fine. But at some point, if you're ever going to drive again, you're going to have to pay that fine along with all the Court costs.

The trial court's imposition of a fine is to be guided by the factors of the 1989 Sentencing Act, including "'the defendant's ability to pay that fine, and other factors of judgment involved in setting the total sentence.'" State v. Lewis, 978 S.W.2d 558, 567 (Tenn. Crim. App. 1997)(quoting State v. Marshall, 870 S.W.2d 532, 542 (Tenn. Crim. App. 1993)). A defendant's ability to pay a fine is a factor in the establishment of that fine, but not necessarily the controlling factor. See Tenn. Code Ann. § 40-35-207(a)(7); see also Marshall, 870 S.W.2d at 542.

In fining the Defendant $10,000, the trial court reduced the jury's recommended fine of $15,000 and linked the new fine to the reinstatement of the Defendant's driver's license in order to underscore the seriousness of the offense. We find no error or abuse of discretion in the trial court's imposition of a $10,000 fine. This issue is without merit.

---

[1]The trial court properly found that the Defendant had a previous history of criminal convictions or criminal history in addition to that necessary to establish the appropriate range, and the Defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. See Tenn. Code Ann. § 40-35-114(1), (8).

## CONCLUSION

Accordingly, after a thorough review of the record, we conclude that the evidence is sufficient to support the Defendant's convictions and that he was properly sentenced. The judgment of the trial court is AFFIRMED.

_____
DAVID H. WELLES, JUDGE