IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
October 2006 Session


**ANTHONY KESHUN GOODS v. TONY PARKER, Warden**


**Appeal from the Circuit Court for Lake County**
**No. 03-CR-8494-R1   R. Lee Moore, Judge**

---

**No. W2006-00849-CCA-R3-CO  - Filed July 24, 2007**

---

The State appeals the habeas court's grant of a petition for habeas corpus relief filed by the Petitioner, Anthony Keshun Goods.  The Petitioner alleged in his petition that his sentence was illegal because he was sentenced to concurrent terms when the law required him to be sentenced to consecutive terms.  On appeal, the State contends the statutory requirement of consecutive sentences does not apply to the Petitioner, his petition is not yet ripe, and the remedy set out by the habeas court is improper.  Finding no error in the judgment of the habeas court, we affirm the grant of habeas corpus relief and remand the case to the Shelby County Criminal Court for further proceedings not inconsistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, J., joined.  DAVID G. HAYES, J., filed a dissenting opinion.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Phillip Bivens, District Attorney General, for the Appellant, State of Tennessee.

Patrick R. McGill, Dyersburg, Tennessee, for the Appellee, Anthony Keshun Goods.


**OPINION**
**I. Facts**

This appeal by the State arises from the granting of a writ of habeas corpus by the Lake County Circuit Court.[1]  The following facts have been presented in the record.  On February 17, 1995, the Petitioner, age sixteen, was brought into juvenile court upon a petition alleging

---

[1]This case originally came before this Court in 2004.  *See Anthony K. Goods v. Tony Parker, Warden*, No. W2003-02914-CCA-R3-HC, 2004 WL 2309901 (Tenn. Crim. App., at Nashville, Oct. 13, 2004), *perm. to app. denied* (Tenn. Sept. 6, 2005), *abrogated by Summers v. State*, 212 S.W.3d 251, 259 (Tenn. 2007).

delinquency by theft of a vehicle of more than $1000 in value. After a detention hearing, the Petitioner was released to his mother. On March 29, 1995, the Petitioner committed acts that led to convictions for especially aggravated robbery, second degree murder, and attempted second degree murder. On April 10, 1995, the Petitioner, still sixteen years of age, was again brought into juvenile court on petitions that he committed an especially aggravated robbery on March 29.[2] Finally, on May 10, 1995, the Petitioner's case was transferred by Mittimus from the Shelby County Juvenile Court to the Shelby County Criminal Court for the Petitioner to stand trial as an adult for theft of property over $1000 and especially aggravated robbery.

On June 7, 1996, the Petitioner pled guilty to second degree murder, attempted second degree murder, especially aggravated robbery, and theft of property over $1000 in a "global" plea arrangement. The Petitioner alleges that the plea agreement included the requirement that these sentences run concurrently, as opposed to consecutively. The trial court ordered that the terms run concurrently, and the Petitioner was incarcerated in Lake County.

In 2003, the Petitioner filed a petition for habeas corpus relief, which was denied without a hearing by the trial court. On appeal, this Court reversed the trial court's decision and remanded for the appointment of counsel and a hearing. Prior to the re-hearing at the trial level, on October 17, 2005, both parties stipulated that the Petitioner was out on bail when he committed the second degree murder and attempted second degree murder, referencing to the period of time after the Petitioner was released to his mother on February 17, 1995, but before the Petitioner returned to the juvenile court on April 10, 1995. The trial court found that the Petitioner's sentences were void pursuant to Tennessee Rule of Criminal Procedure 32(c)(3), which mandates consecutive sentences for "a felony where the defendant was released on bail and the defendant is convicted of both offenses."

On November 8, 2005, the State filed a motion for reconsideration, claiming it should not have stipulated to the fact that the Petitioner was out on bail when he was actually out on his own recognizance when he was released by the juvenile court to his mother. The trial court considered the motion and determined that the Petitioner's release on his own, or his mother's, recognizance should be considered bail under the statute and that any crimes committed while a defendant was out on his or her own recognizance would be treated as if the defendant was released on bail under Rule 32(c)(3). This ruling essentially made the contested stipulation moot, as the court agreed with the stipulated point. The trial court determined that the Tennessee Supreme Court's ruling in *McLaney v. Bell*, 59 S.W.3d 90 (Tenn. 2001), required it to find the Petitioner's sentence void. As such, the trial court transferred the case back to Shelby County Criminal Court for further proceedings. It is from this order that the State now appeals.

## II. Analysis

---

[2] There is no documentation in the record that would indicate the Petitioner was summoned to juvenile court for the second degree murder and attempted second degree murder. It appears the Petitioner was charged with second degree murder and attempted second degree murder after his transfer to Shelby County Criminal Court.

On appeal, the State contends the trial court erred in: (1) finding the Petitioner was out on bail at the time of the subsequent offense; (2) finding the Petitioner was entitled to habeas corpus relief when the portion of his uncontested sentence had yet to expire; and (3) ordering the case remanded to address the void sentence and voidable conviction.

The Petitioner claims: (1) the State stipulated to the fact that the Petitioner was out on bail at the time of the subsequent offenses; (2) the trial court was correct in finding "bail" as used in Rule 32(c)(3) included "out on own recognizance;" (3) there is no portion of the sentence that is uncontested; and (4) the remand was proper under current Tennessee law.

### A. The Stipulation

The Petitioner argues the State stipulated to the fact that the Petitioner was out on bail at the time of his subsequent offenses, and the State does not respond to this in its brief. The trial court based its original opinion on the stipulated fact, but, in its motion for reconsideration, the State argued that the Petitioner was out on his own recognizance at that time, which was different from being on "bail." In other words, the State argued that the word "bail" should not be interpreted to include "out on own recognizance."

In *State v. James M. Kennedy*, this Court stated:

> A stipulation is an "agreement between counsel with respect to business before the court." *State v. Ford*, 725 S.W.2d 689, 691 (Tenn. Crim. App. 1986), perm. to appeal denied, (Tenn. 1987). When made, it binds the parties to the agreed facts and must be "rigidly enforced" by the courts. *State ex rel. Weldon v. Thomason*, 221 S.W. 491, 495 (Tenn. 1920). Before a stipulation is binding it must be clear from the record that both parties agreed to it. 73 Am. Jur. 2d Stipulations § 2 (1974). The terms of oral stipulations must be "definite and certain in order to render the proper basis for a judicial decision." *Id.*

No. 02C01-9207-CC-00168, 1993 WL 102002, at *1 (Tenn. Crim. App., at Jackson, Apr. 7, 1993). Further, in *Thomason*, which was cited by *Kennedy*, the Tennessee Supreme Court stated:

> But the meaning of language used in a statute from which the validity or invalidity of the act is to be determined is not the subject of agreement by parties or counsel, but is to be found by the courts. Parties cannot agree upon the unconstitutionality of a statute, nor by their stipulations determine for the courts the judicial question as to what the action or intent of the lawmaking body is. Manifestly, to uphold such agreements would permit litigants to nullify any enactment of the Legislature.

221 S.W. at 495.

While normally whether one was out on bail or not would be a simple fact that could be stipulated to, this case presents a different situation. The stipulation, although not understood as such when the stipulation was made, was actually an interpretation of Rule 32(c)(3) – that "bail" includes "out on own recognizance." That type of stipulation, the effective legal interpretation of the rule, is impermissible under Tennessee law. Thus, we give no weight to the stipulation. We will discuss the merits of this issue below.

## B. Ripeness of Petitioner's Petition

The State contends that the Petitioner's claim is not yet ripe because the part of his sentence that is uncontested has not yet expired. The State argues that the first twelve years of the Petitioner's sentence are uncontested because he could have rightfully been sentenced to those twelve years under his original theft crime. Thus, if the Petitioner wants to challenge his detainment, he must wait until those twelve years have passed.[3] Initially, we note that we agree with the Petitioner in his assertion that he has contested all of his convictions and sentences. The sentences were pled together, and we can find nothing in the record or briefs to support the State's argument that the Petitioner has merely contested part of his sentence.

Taking that into account, we conclude the State is incorrect in its reliance on three Tennessee Supreme Court cases. First, in *State ex rel. Dickens v. Bomar*, two petitioners petitioned for habeas corpus relief from concurrent sentences in both Hickman and Dickson Counties. 381 S.W.2d 287, 289 (Tenn. 1964). The petitions attacked only the Hickman convictions. *Id.* The Tennessee Supreme Court determined that, if the petitioners were validly held in Dickson County, they could not attack a Hickman County detention on habeas corpus grounds. *Id.* Because the petitioners in *Bomar* did not challenge both detentions, this case is inapplicable.

In *Ussery v. Avery*, also cited by the State, a petitioner challenged one of his two counts of armed robbery. 432 S.W.2d 656 (Tenn. 1968). The Court concluded that, until his first term of incarceration expired, his habeas corpus petition was not ripe. Again, because the petitioner in *Ussery* did not challenge all of his counts, *Ussery* is inapplicable to this case.

Finally, the State argues *Adams v. Russell* requires a habeas petition to be ripe. 167 S.W.2d 5 (Tenn. 1942), *overruled on other grounds by Franks v. State*, 213 S.W.2d 105 (Tenn. 1948). In *Adams*, the petitioner should have statutorily received a determinate sentence of over twenty years. *Id.* at 6. Instead, the petitioner received a sentence of not less than twenty years and not greater than thirty-six years. *Id.* While this was improper, the Court determined that the petitioner did not have proper standing to proceed on a habeas corpus petition until twenty years had expired. *Id.* Again,

---

[3]The State noted its claim that this issue is not yet ripe was, and is, also before the Tennessee Supreme Court. *See Smith v. Lewis*, No. E2004-01800-CCA-R3-HC, 2005 WL 1269155 (Tenn. Crim. App., at Knoxville, May 27, 2005) *perm. app. granted* (Tenn. Dec. 5, 2005); *Charles G. Summers v. State*, No. M2004-02806-CCA-R3-HC, 2005 WL 1950298 (Tenn. Crim. App., at Nashville, Aug. 12, 2005), *rev'd on other grounds by Summers v. State*, 212 S.W.3d 251, 257-58 (Tenn. 2007). *Summers*, as noted in footnote one, was recently decided, and the Tennessee Supreme Court disagreed with the State's mootness argument. *Summers*, 212 S.W.3d at 257-58.

we disagree with the State's assertion that *Adams* makes this Petitioner's claim not yet ripe.[4] This Petitioner alleges none of the four sentences are legal, and thus his detention is in no way legal or legitimate.

Thus, we conclude this case is ripe for habeas corpus review.

### C. Whether The Petitioner Was Out On "Bail"

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 (2003) *et seq*. The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory time limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83; *see State v. Richie*, 20 S.W.3d 624, 633 (Tenn. 2000).

Per *McLaney v. Bell*, if one is sentenced concurrently when one should have statutorily been sentenced consecutively, habeas relief should be granted. 59 S.W.3d 90, 94-95 (Tenn. 2001), *overruled in part on other grounds by Summers v. State*, 212 S.W.3d 251, 262 (Tenn. 2007). Pursuant to Tennessee Rule of Criminal Procedure 32(c)(3), sentences are to be run consecutively for felonies "committed while the defendant was released on bail [if] the defendant is convicted of both offenses." *See* T.C.A. § 40-20-111(b) (2003). Thus, we must determine whether the Petitioner was on "bail" when he was released as a juvenile, into his mother's custody, after his appearance on a charge of theft of property over $1000.

"Bail" is defined in the Black's Law Dictionary, in part, as follows:

(1) A security such as cash or a bond; esp., security required by a court for the release of a prisoner who must appear at a future time.
(2) The process by which a person is released from custody either on the undertaking

---

[4]This Court also notes that the Tennessee Supreme Court's recent line of cases on sentences that contravene statutes may also cast some doubt on the legitimacy of the *Adams* decision. *See Summers*, 212 S.W.3d at 256 ("A sentence imposed in direct contravention of a statute is void and illegal," and "A trial court may correct a void and illegal sentence at any time.") (citing *Stephenson v. Carlton*, 28 S.W.2d 910, 911 (Tenn. 2000), and *Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005)).

of a surety or on his or her own recognizance.

*Black's Law Dictionary* 150 (8th ed. 2004). "Recognizance" is defined as follows: "A bond or obligation, made in court, by which a person promises to perform some act or observe some condition, such as to appear when called, to pay a debt, or to keep the peace; . . . . Most commonly, a recognizance takes the form of a bail bond that guarantees an unjailed criminal defendant's return for a court date." *Id.* at 1299.

The State directs our attention to the differences between the language used in Rule 32(c)(3) and (d). In Rule 32(d), the drafters have made a distinction between "bail" and "out upon recognizance." Specifically, the section begins, "The setting of bail or release upon recognizance . . . ." Tenn. R. Crim. P. 32(d). "[T]he usual rule of statutory construction [requires] giv[ing] effect, if possible, to every clause and word of a statute." *Clark v. Arizona*, — U.S. —, 126 S.Ct. 2709, 2723 n.24 (2006) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)) (quotations and citation omitted); *accord* 2A N. Singer, Statutes and Statutory Construction § 46.07, pp. 194-205 (rev. 6th ed. 2000) ("Where one section of a statute contains a particular provision, omission of the same provision from a similar section is significant to show different legislative intent for [section two]." (footnotes omitted)). This would logically require us to imply that when the drafters use the word "bail" in section (c)(3), and "bail and out upon recognizance" in section (d), they specifically intended to exclude "out upon recognizance" from the definition of "bail" in (c)(3). Otherwise, "out upon recognizance" would be superfluous. *See Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (reflecting negatively on a statutory interpretation that causes words to be superfluous); Singer, § 46.06, at pp. 181-194 ("A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant . . . ." (footnotes omitted)).

The State also argues that reading the term "bail" to include "out upon recognizance" would be interpreting the statute against a defendant in a normal case. That is, at sentencing, it would be to the defendant's detriment to require consecutive sentences for crimes committed while he or she was out on recognizance. This would go against the general rule to read statutes narrowly in favor of defendants. *State v. Washington*, 866 S.W.2d 950, 951 (Tenn. 1993).

First, the Petitioner responds that "out on recognizance" is actually a "recognizance bond," and there is no statute that excludes "recognizance bonds" from the general definition of "bail." Additionally, the Petitioner asserts that, under Tennessee case law, if a statute and a court rule are in conflict, the statute takes precedent. *See Martin v. Leer Corp.*, 90 S.W.3d 626, 630-32 (Tenn. 2002). The statute that lays the foundation for Rule 32(c)(3), Tennessee Code Annotated section 40-20-111 (2003), does not make a distinction among types of bail. The statute simply says, "released on bail." T.C.A. § 40-20-111. The Petitioner claims that, because of this discrepancy, the statute takes precedent over the court rule and no presumption of statutory construction applies.

Additionally, the Petitioner claims that the Court should interpret "bail" as including "out on own recognizance" based on public policy. The Tennessee Supreme Court stated in *Gray v. State* that, "The object is to use consecutive sentencing, where appropriate, to protect society from those

who are unwilling to lead a productive life and resort to criminal activity in furtherance of their anti-societal life style." 538 S.W.2d 391, 393 (Tenn. 1976).

We conclude "bail" fairly encompasses the situation at hand. Because "recognizance" is a form of a "bond," and "bail" is "[a] security such as a . . . bond," a "recognizance bond" is a bail security. The security was the Petitioner's mother's guarantee. Additionally, in our view, when the Legislature passed the statute that corresponds with Rule 32(c)(3), it intended that individuals who were out on their own recognizance, in addition to those who had to present a cash surety, would be required to serve consecutive sentences should they commit another crime while out of jail awaiting a disposition of their prior charge(s). This corresponds with the objectives noted in *Gray*. For the purposes of consecutive sentencing pursuant to Rule 32(c)(3), this Court can find no logical reason to distinguish between those who are allowed out of jail based on their own promise, their mother's promise, $1000 bail, or $1,000,000 bail. The determination of how much bail is required is generally based on the minimum amount required to secure the defendant's presence in court. *See* 8A Am. Jur. Bail and Recognizance § 1 (2006). Whether one will be required to serve concurrent or consecutive sentences should not hinge on a trial court's initial impression of whether a defendant will likely return to court to face charges.

As such, the Petitioner was out on bail when he committed the acts that lead to the charges for aggravated robbery, attempted second degree murder, and second degree murder. The law requires the Petitioner serve any sentences consecutively for such a situation. The State is not entitled to relief. Accordingly, the judgment of the habeas court is affirmed, and the case is remanded to the Shelby County Criminal Court for further proceedings not inconsistent with this opinion. *See McLaney*, 59 S.W.3d at 94-95.

## III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE

-7-